NO. 07-06-0224-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

OCTOBER 19, 2007

_____

RUBEN VALLAJA NAVARRO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 52,255-D; HONORABLE DON EMERSON, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Ruben Vallaja Navarro, was convicted of felony assault against a public servant and sentenced to two years imprisonment and a fine of $2,500. Both the prison sentence and fine were suspended and Appellant was placed on community supervision for a term of two years. Appellant brings this appeal alleging (1) the evidence is legally and

factually insufficient to establish that he knew the person assaulted was a public servant, and (2) the evidence was factually insufficient to authorize the jury's rejection of his self-defense theory.  We affirm.

## Background

On December 4, 2005, Amarillo Police Officers were dispatched to a local bar after a fight erupted.  As Appellant was leaving the bar, he was encountered by Officer Loftus of the Amarillo Police Department.  A scuffle ensued between Officer Loftus and Appellant.  Officer Perkins, also an Amarillo Police Department Officer, then joined the fray in an attempt to subdue Appellant.  Both officers suffered minor injuries in the altercation.  In one indictment, the State charged Appellant with two counts of assault against a public servant, count one as to Officer Loftus, and count two as to Officer Perkins.  At trial, Appellant maintained that he did not know that he was in an altercation with a public servant attempting to arrest him.  He further asserted that any force he may have used against the officers was necessary to protect himself from the unlawful use of force by the officers.  The jury returned a "not guilty" verdict as to count one and a "guilty" verdict as to count two.

## Issue One

By his first issue, Appellant contends that the evidence was both legally and factually insufficient to establish that he knew Officer Perkins was a public servant.

## Standard of Review

When both the legal and factual sufficiency of the evidence are challenged, we must first determine whether the evidence is legally sufficient to support the verdict. *Clewis v. State*, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996). It is a fundamental rule of criminal law that one cannot be convicted of a crime unless it is shown beyond a reasonable doubt that the defendant committed each element of the alleged offense. U.S. Const. amend. XIV; Tex. Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2006); Tex. Penal Code Ann. § 2.01 (Vernon 2003).

Evidence is legally insufficient if, when viewed in a light most favorable to the prosecution, a rational trier of fact could not have found each element of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); *Hooper v.* State, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007). This standard is the same in both direct and circumstantial evidence cases. *Id.* In measuring the legal sufficiency of the evidence to sustain a conviction, we measure the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997). This is done by considering all the evidence that was before the jury—whether proper or improper—so that we can make an assessment from the jury's perspective. *Miles v. State*, 918 S.W.2d 511, 512 (Tex.Crim.App. 1996). As an appellate court, we may not sit as a thirteenth juror, but must uphold the jury's verdict unless it is irrational or unsupported by more than a "mere modicum" of evidence. *Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988).

After conducting a legal sufficiency review under *Jackson*, we may proceed with a factual sufficiency review. *Clewis*, 922 S.W.2d at 133. When conducting a factual sufficiency review, we examine all the evidence in a neutral light and determine whether the jury was rationally justified in finding guilt beyond a reasonable doubt. *Zuniga v. State*, 144 S.W.3d 477, 484 (Tex.Crim.App. 2004), *overruled in part by Watson v. State*, 204 S.W.3d 404, 415-17 (Tex.Crim.App. 2006). We cannot reverse a conviction unless we find some objective basis in the record that demonstrates that the great weight and preponderance of the evidence contradicts the jury's verdict. *Watson*, 204 S.W.3d at 417. In other words, we cannot conclude that Appellant's conviction is "clearly wrong" or "manifestly unjust" simply because we might disagree with the jury's verdict. *Id.*; *Cain v. State*, 958 S.W.2d 404, 407 (Tex.Crim.App. 1997).

## Discussion

Before determining whether the evidence is legally sufficient to support Appellant's conviction, we must review the essential elements the State was required to prove. A person is guilty of felony assault against a public servant if he intentionally, knowingly, or recklessly causes bodily injury to another and the actor knows that person to be a public servant while the public servant is lawfully discharging an official duty. Tex. Penal Code Ann. § 22.01(b)(1) (Vernon 2003). For purposes of this offense, the actor is presumed to have known that the person assaulted was a public servant if the person was wearing a distinctive uniform indicating the person's employment as a public servant. *Id.* at (d).

4

By his legal sufficiency issue, Appellant contends there is no evidence to support the jury's implied finding that he knew Officer Perkins was a public servant. Applying the standard of review set forth above, we disagree.

From a juror's perspective, there was evidence presented that the two individuals involved in the altercation with Appellant were police officers. There was direct testimony that, at the time of the incident, Officer Loftus was wearing a distinctive uniform identifying him as an Amarillo Police Department Officer. Furthermore, a photograph of Officer Perkins introduced into evidence shows that she too was wearing an Amarillo Police Department uniform. From this evidence alone, we find that the evidence was legally sufficient to allow a rational trier of fact to conclude Appellant knew Officer Perkins was a public servant.

The gist of Appellant's factual sufficiency argument is that he was not actually aware of Officer Perkins's status as a public servant and that the presumption does not apply because there was no evidence that Officer Perkins was wearing a distinctive uniform identifying her as a police officer. Based on that premise, Appellant asserts the jury's verdict is objectively against the great weight and preponderance of the evidence.

As directed by the Court of Criminal Appeals, in a factual sufficiency review, we must consider the most important evidence that Appellant claims undermines the jury's verdict, *Sims v. State*, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003), however, we are not

required to discuss all evidence admitted at trial. *See id. See also Roberts v. State*, 221 S.W.3d 659, 665 (Tex.Crim.App. 2007).

Appellant's niece testified that as they were leaving the bar, Officer Loftus came out of nowhere, grabbed and tackled Appellant from behind, and they both went to the ground. According to her testimony, Appellant was resisting Officer Loftus because he thought his assailant was someone from the bar. She further testified that Appellant resisted Officers Loftus and Perkins because they were using unreasonable force and they were hurting him by applying unnecessary pressure on his artificial leg. According to her testimony, Appellant ceased resisting the officers once he became aware that they were police officers. Appellant also testified. He disputed Officer Loftus's testimony concerning whether or not he was the aggressor and claimed that he did not know that the two individuals assaulting him were police officers. He further testified that he calmed down once he realized that they were police officers. Appellant maintains that his aggressive behavior was in response to the use of force by the officers and that he was merely trying to get the officers to use less force against him because of his bad arm and artificial leg.

As a reviewing court, we must always remain cognizant of the jury's role and unique position in evaluating credibility and demeanor of witnesses and giving weight to contradictory testimonial evidence. *Johnson v. State*, 23 S.W.3d 1, 8-9 (Tex.Crim.App. 2000). The jury is the exclusive judge of the facts. Tex. Code Crim. Proc. Ann. art. 36.13

(Vernon 2007) & 38.04 (Vernon 1979). Unless the record clearly demonstrates a different result is appropriate, we must defer to the jury's determination. *Johnson,* 23 S.W.3d at 8.

When faced with contradictory testimony we must, however, give great deference to the jury's resolution of those conflicts. As the exclusive judge of the facts and credibility of the witnesses, the jury was free to believe or disbelieve all or any part of a witness's testimony. *Goodman v. State*, 66 S.W.3d 283, 287 (Tex.Crim.App. 2001). The jury performed its task of weighing the evidence, resolving conflicts in the testimony, and thereafter chose to give credibility to the testimony of Officers Loftus and Perkins, and disbelieve the witnesses for the defense. Given the record before us, we conclude the jury was rationally justified in finding guilt beyond a reasonable doubt. We find no objective basis in the record that demonstrates that the great weight and preponderance of the evidence contradicts the jury's verdict. Issue one is overruled.

## Issue Two

By his second issue, Appellant presents the question as to whether the evidence was factually sufficient to support the jury's implied finding that Appellant's use of force to resist arrest was not justified.

## Discussion

Appellant maintains that he was justified in using force to protect himself from Officer Perkins. Appellant opines that he had a right to defend himself against the unlawful

7

use of force by Officer Perkins.  To support his contention, Appellant maintains that he did not know Officer Perkins was a police officer because the State did not prove that she either announced herself as a police officer or was wearing a distinctive uniform.  Appellant claims that his use of force was necessary to protect himself when Officer Perkins struck him in the face many times as hard as she could while he was on the ground, with his face in the parking lot asphalt, and Officer Loftus was on his back holding him down.

As previously discussed, the State did produce evidence that the officers and others were trying to tell Appellant that Officers Loftus and Perkins were police officers. Furthermore, evidence was presented that both officers were wearing police uniforms and that the force used to subdue Appellant was reasonable and necessary due to his state of intoxication and combative behavior.  Again, we conclude the jury was rationally justified in finding that Appellant's use of force against Officer Perkins was not justified under the circumstances.  Finding no objective basis in the record that demonstrates that the great weight and preponderance of the evidence contradicts the jury's verdict, issue two is overruled.

Accordingly, the judgment of the trial court is affirmed.


Patrick A. Pirtle
Justice


Do not publish.


8